UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTINE PAHRMANN,

                          Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                          Defendant.

Case No. 3:16-cv-05424-KLS

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On August 31, 2011, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that she became disabled beginning August 1, 2006. Dkt. 9, Administrative Record (AR) 19. Both applications were denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an Administrative Law Judge (ALJ), at which plaintiff appeared and testified, as did a vocational expert. AR 118-57.

In a written decision dated January 31, 2013, the ALJ found that plaintiff could perform

ORDER - 1

other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 205-15. The Appeals Council granted plaintiff's request for review of that decision, remanding the matter for further administrative proceedings. AR 222-24.

On remand, another hearing was held before the same ALJ at which plaintiff appeared and testified, as did a different vocational expert. AR 44-105. In a written decision dated January 6, 2016, the ALJ again found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR. 19-35. The Appeals Council denied plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner, which plaintiff appealed to this Court. AR 1; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in finding she did not have a severe mental impairment. For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and thus finds the decision to deny benefits should be affirmed.

DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), § 416.920(a)(4)(iii); Social Security Ruling (SSR) 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856, at *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL

ORDER - 3

56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988). Plaintiff must prove that his "impairments or their symptoms affect her ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. *Smolen*, 80 F.3d at 1290.

The ALJ in this case found plaintiff's mental impairments did not cause more than minimal limitations, and therefore were not severe. AR 22-26. Plaintiff argues the ALJ erred in so finding, because he relied on older medical evidence in the record to the exclusion of newer evidence that her mental health condition had worsened. But the ALJ's discussion of the medical evidence was not limited to the older evidence plaintiff references. *See id.* Further, while there may have been some waxing and waning in symptoms over that time period as plaintiff asserts, there is no indication that her condition necessarily worsened. *See* AR 641-43, 651-62, 667-77, 833-34, 914-26, 932-37, 942-44, 947-50, 952-54, 1001-1003, 1007-1015; *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (the ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence).

More importantly, plaintiff has not shown her mental health impairments resulted in actual functional limitations more significant than those the ALJ found, as opposed to solely *symptoms* resulting therefrom. *See* AR 641-43, 651-62, 667-77, 833-34, 914-26, 932-37, 942-44, 947-50, 952-54, 1001-1003, 1007-1015; *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (mere existence of an impairment is insufficient proof of disability); *see also Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir 2005) (noting "[c]onditions must not be confused with disabilities," "[t]he social security disability benefits program is not concerned with health as such, but rather

ORDER - 4

with ability to engage in full-time gainful employment," and "[a] person can [experience mental health symptoms,] yet still perform full-time work"); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (noting "[t]he mere diagnosis of [an impairment] . . . says nothing about the severity of the [diagnosed] condition," and upholding finding of non-severity where doctors reports were silent as to any limitations that may stem from that impairment).

Plaintiff argues the ALJ was under a duty to supplement the record with a medical expert opinion as to her mental health impairments, because the record contains no medical source evaluation of those impairments other than one performed by William Chalstrom, Ph.D., in May 2012.[1] Dr. Chalstrom at the time offered "no psychiatric diagnoses, since any symptoms that she has are transient and expectable reactions to her psychosocial stressors related to her medical condition." AR 643-44. The ALJ gave Dr. Chalstrom's opinion significant weight. AR 25. But as discussed above, the record overall fails to show plaintiff's impairments resulted in any greater mental health limitations. In addition, the duty to supplement the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). The fact that the medical evidence does not support plaintiff's assertion that she has a severe mental health impairment, as in this case, is not at all the same as the record being ambiguous or inadequate.

Plaintiff also challenges the ALJ's determination that she was only mildly limited in the areas of activities of daily living, social functioning, and concentration, persistence, or pace. AR

---

[1] The record also contains a medical source statement indicating plaintiff had mostly marked to severe limitations in a number of mental functional areas completed by Jeanette Sayers, MHP, in September 2012. AR 663-65. The ALJ rejected Ms. Sayers' assessment because it was unsupported by any objective findings in the record and inconsistent with Dr. Chalstrom's opinion. AR 24, 209. Plaintiff does not challenge this determination, nor does the Court find it to be unsupported or in error. *See* AR 663-65; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ need not accept a medical opinion if "inadequately supported by clinical findings" or "by the record as a whole"); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

ORDER - 5

25-26. Specifically, plaintiff argues that determination is not supported by her self-reporting and testimony concerning her ability to function in these areas. Even though some aspects of those reports and that testimony may not be completely consistent with the ALJ's determination, as defendant points out, the ALJ found plaintiff to be less than fully credibility concerning her symptoms and limitations, a finding plaintiff has not challenged.

The ALJ, furthermore, noted that  a Cooperative Disability Investigations Unit (CDIU) investigation of her was conducted by a police officer in December 2014, which the ALJ noted revealed the following findings:

> This officer interviewed a recent neighbor of the claimant, who told the officer the claimant "was very busy on a daily basis." The officer then interviewed the claimant, who said she performed all the household shopping, cleaning, and cooking. She stated "I do get help at time [sic] but for the most part I do all the womanly duties." She said she enjoyed cleaning and cooking "and she did it all the time." She told the officer she regularly went to casinos, including by herself. She consistently appeared relaxed and focused during the interview, which lasted three hours. The officer then interviewed another witness, who had known the claimant for over twenty years. This witness declared that the claimant was always happy and  upbeat, and was constantly planning event [sic] and things for her family to do. . . .

AR 23 (citations omitted); *see also* AR 25-26, 901-13. Plaintiff argues this investigation was conducted under false pretenses, where the witnesses were not under any obligation to discuss her impairments and limitations or their observations in a truthful manner, and where plaintiff herself was not obligated to admit to the investigator that she had difficulty functioning on her own when that had no bearing on the matter under investigation.

As the Ninth Circuit has expressly noted, however, "[t]he Social Security Act expressly authorizes the Commissioner to 'conduct such investigations and other proceedings as the Commissioner may deem necessary or proper.'" *Elmore v. Colvin*, 617 Fed. Appx. 755, 757 (9th Cir. July 10, 2015) (quoting 42 U.S.C. § 405(b)(1)). The Ninth Circuit in *Elmore* rejected the

ORDER - 6

plaintiff's assertion that "the CDIU's use of a pretext interview was both inconsistent with the broad remedial purpose of the Social Security Act and the type of arbitrary government action that 'shocks the conscience.'" *Id.* It went on to specifically note that "[g]overnment agents are permitted to assume false identities in order to gain the confidence of their targets." *Id.*(quoting *Shaw v. Winters*, 796 F.2d 1124, 1125 (9th Cir. 1986)). Here, too, there is nothing in the CDIU investigation report that shocks the conscience or that indicates actions on the part of the police officer that a government agent is prohibited from doing.

Plaintiff cites *Elmore* for the proposition that CDIU reports have been accepted as a basis for an ALJ to discount a claimant's testimony, and a more recent decision of this Court (*Yeakey v. Colvin*, 2016 WL 4649653 (W.D. Wash. September 7, 2016) for the further proposition that they have not been accepted as a basis to find that a claimant does not have a severe impairment when there is no medical evidence to the contrary. First, *Elmore* merely rejected the idea that an ALJ may not rely on evidence obtained from a CDIU report. There is no indication that the Ninth Circuit limited that finding to discounting a claimant's testimony. *See Elmore*, 617 Fed. Appx. at 757. Second, in *Yeakey* the Court merely found that in offering "one blanket reason" for rejecting a medical source's opinion – that the CDIU investigator contradicted that source's opinion – and not citing to specific evidence in the medical record to discount that opinion, the ALJ offered an insufficient basis for rejecting it. *Yeakey*, 2016 WL 4649653, at *6-*7. Third, as discussed above, there *is* medical evidence indicating plaintiff does not have a severe mental impairment, namely the opinion of Dr. Chalstrom. The ALJ, therefore, did not err here.

Plaintiff also argues the ALJ improperly relied on her substance use to find her mental impairments were non-severe. She asserts no treatment provider has suggested that her mental symptoms were a result of or exacerbated by such use. But neither did the ALJ. *See* AR 23-24.

ORDER - 7

Next, plaintiff asserts that to the extent the ALJ determined her mental impairments to be non-severe as a result of her substance use, he erred. A claimant may not be found disabled if drug addiction or alcoholism (DAA) would be "a contributing factor material to the Commissioner's determination" that the claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J)).

To determine whether alcoholism or drug addiction is a materially contributing factor, the ALJ first must conduct the five-step sequential disability evaluation process "without separating out the impact of alcoholism or drug addiction." *Id.* at 955. If the claimant is found to be not disabled, he or she "is not entitled to benefits." *Id.* If the claimant is found to be disabled "and there is 'medical evidence of drug addiction or alcoholism,'" the ALJ proceeds "to determine if the claimant 'would still [be found] disabled if [he or she] stopped using alcohol or drugs.'" *Id.* (citing 20 C.F.R. § 416.935). If a claimant's current limitations "would remain once he [or she] stopped using drugs and alcohol," and those limitations are disabling, "then drug addiction or alcoholism is not material to the disability, and the claimant will be deemed disabled." *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

Here, the ALJ considered *both* the medical evidence concerning plaintiff's mental health impairments and the evidence regarding her substance use in determining that plaintiff had no severe mental health impairment at step two of the sequential disability evaluation process. 22-26. That is, the ALJ conducting the sequential evaluation process without first separating out the evidence of DAA. The Court thus finds the ALJ did not improperly separate out the substance use. As plaintiff herself acknowledges, furthermore, there is no indication in the record that such use exacerbated her symptoms or that it otherwise impacted her mental functioning. The ALJ's step two determination thus must be upheld.

ORDER - 8

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

DATED this 20th day of December, 2016.


Karen L. Strombom
United States Magistrate Judge

ORDER - 9